| | |
|---|---|
| TIFFANY RHODES, | Case No. 2:19-CV-00938-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| HILTON RESORTS CORPORATION, a foreign LLC; NANCY HUTCHINGS, an individual; ROE CORPORATION I-X, DOE INDIVIDUALS XI-XX, | |
| Defendants. | |

Before the Court is Defendants' Motion to Compel Discovery (ECF No. 25) that was filed on January 28, 2020. The Response to this Motion was due on February 11, 2020. As of the date of this Order, no Response has been filed.

## I.  Background

On September 18, 2019, Defendants propounded their First Set of Interrogatories and First Set of Document Requests on Plaintiff.[1] Plaintiff first responded to these discovery requests over 60 days later. Plaintiff's responses were incomplete and apparently highly inaccurate. Thereafter, Defendants sent a detailed meet and confer letter to Plaintiff's Counsel leading to a meeting in which Plaintiff's Counsel is said not to have disagreed with Defense Counsel. Plaintiff was to supplement her responses to Defendants' discovery requests by January 7, 2020. As of January 28, 2020, Plaintiff had not fulfilled her agreement to supplement.

## II.  Analysis

Plaintiff has not complied with her discovery obligations pursuant to Fed. R. Civ. P. 33 or 34. Plaintiff's responses to discovery propounded by Defendants was untimely (resulting in a waiver

---

[1] Given that no Response to Defendants' Motion was filed, the Court accepts as true the statement of facts provided by Defendants.

of all objections), incomplete, and misleading.  After a meet and confer in which Plaintiff's Counsel did not disagree with Defendants' position, Plaintiff continued to ignore her duties to engage in discovery in a timely and appropriate manner.

The Court is empowered with wide discretion, pursuant to Fed. R. Civ. P. 37, to fashion a sanction for Plaintiff's repeated discovery failures.  When a party believes its opponent has failed to timely comply with the requirements of disclosure, that party may move for sanctions under Rule 37(c).  Rule 37 "gives teeth" to the disclosure requirements of Rule 26(e). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  District courts are entrusted with wide latitude when exercising their discretion to impose Rule 37(c) sanctions. *Id.*

Defendants are correct that dismissal of Plaintiff's Complaint is severe.  In fact, even in the face of bad faith or willfulness courts are loathe to enter a case-terminating sanction in the first instance. *See Cooley v. Leung*, Case No. 2:10-cv-1138-RLH-RJJ, 2013 WL 209730, *1-2 (D. Nev. Jan. 16, 2013).  Here, Plaintiff's conduct is egregious; however, the Court considers alternative sanctions before it will order dismissal of Plaintiff's Complaint.  Specifically, the Court provides Plaintiff one opportunity to change her course and participate timely and in good faith in the case that she brought to Court.  Plaintiff's failure to obey this Court Order will result in an Order to Show Cause why her case should not be dismissed.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Compel (ECF No. 25) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall pay the Defendants' reasonable fees and costs associated with bringing their Motion to Compel.

IT IS FURTHER ORDERED that, no later than fourteen (14) days from the entry of this Order, Defendants shall file and serve a memorandum, supported by affidavit of counsel, establishing the amount of attorneys' fees and costs incurred as addressed in this Order. The memorandum shall provide a reasonable itemization and description of work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the

work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

IT IS FURTHER ORDERED that Plaintiff shall have five (5) days from service of the memorandum of costs and attorney's fees, in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable consideration deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded.

IT IS FURTHER ORDERED that Plaintiff shall supplement and correct her responses to Defendants' First Set of Interrogatories and Document Requests within ten (10) days of the date of this Order. If Plaintiff fails to do so, Defendants may notify the Court at which time the Court will issue an Order to Show Cause why Plaintiff's Complaint should not be dismissed.

DATED: February 19, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE